ACCEPTED
03-14-00457-CV
3763130
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 11:15:32 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00457-CV

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/14/2015 11:15:32 AM
JEFFREY D. KYLE
Clerk

**LINDA BALDWIN,**

**Appellant**

**V.**

**ZURICH AMERICAN INSURANCE COMPANY,**

**Appellee**

**Court of Appeals Number: 03-14-00457-CV**
**Trial Court Number: No. D-1-GN-13-001281**

### APPELLEE'S BRIEF

**Jessica M. MacCarty**
State Bar No. 24077822
jmm@fol.com
**Robert D. Stokes**
State Bar No. 19274100
**Lynette L. Phillips**
State Bar No. 15937770
**Flahive, Ogden & Latson**
P.O. Box 201329
Austin, Texas 78720
Telephone: (512) 435-2150
Facsimile: (512) 241-3305

**APPELLEE REQUESTS ORAL ARGUMENT**

No. 03-14-00457-CV

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

**LINDA BALDWIN,**

**Appellant**

**V.**

**ZURICH AMERICAN INSURANCE COMPANY,**

**Appellee**

**Court of Appeals Number: 03-14-00457-CV**
**Trial Court Number: No. D-1-GN-13-001281**

## APPELLEE'S BRIEF

**Jessica M. MacCarty**
State Bar No. 24077822
**Robert D. Stokes**
State Bar No. 19274100
**Lynette L. Phillips**
State Bar No. 15937770
**Flahive, Ogden & Latson**
P.O. Box 201329
Austin, Texas 78720
Telephone: (512) 435-2150
Facsimile: (512) 241-3305

Baldwin v. Zurich Am. Ins. Co.                                            ii
No. 03-14-00457-CV
Brief of the Appellee

# IDENTITY OF PARTIES AND COUNSEL

**Linda Baldwin**
10151 Dorrell Lane #1164
Las Vegas, Nevada 89166
Appellant, *Pro Se*

**Hon. Gisela Triana**
200th District Court
1000 Guadalupe Street, 5th Floor
Austin, TX 78701
Trial Court

**Zurich American Insurance Company**
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701
Appellee

**Jessica M. MacCarty**
Flahive, Ogden & Latson
P.O. Drawer 201329
Austin, Texas 78720
Appellate Counsel for Appellee

**Robert D. Stokes**
Flahive, Ogden & Latson
P.O. Drawer 201329
Austin, Texas 78720
Appellate Counsel for Appellee

**Lynette Phillips**
Flahive, Ogden & Latson
P.O. Drawer 201329
Austin, Texas 78720
Trial and Appellate Counsel for Appellee

Baldwin v. Zurich Am. Ins. Co.                                                        iii
No. 03-14-00457-CV
Brief of the Appellee

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................... iii

Table of Contents .................................................................................................. iv

Index of Authorities ................................................................................................v

Statement of the Case............................................................................................ vii

Issue Presented .................................................................................................... viii

      **Issue No. One:** Does the trial court lack subject matter
      jurisdiction when an employee in a workers'
      compensation case files for judicial review after the 45
      day deadline specified in the Texas Labor Code lapses? ............................ viii

Statement of Facts ...................................................................................................2

Summary of the Argument.......................................................................................5

Argument..................................................................................................................6

      **Issue No. One:** Does the trial court lack subject matter
      jurisdiction when an employee in a workers'
      compensation case files for judicial review after the 45
      day deadline specified in the Texas Labor Code lapses? ................................6

      A.   Standard Of Review.......................................................................... 7

      B.   The 45 Day Deadline Is Jurisdictional And
          Mandatory. ....................................................................................... 7

      C.   Baldwin Has Failed To Challenge The Plea To The
          Jurisdiction As The Proper Means To Dismiss Her
          Case. ............................................................................................... 10

Prayer ....................................................................................................................11

Certificate of Compliance .....................................................................................12

Certificate of Service ............................................................................................12

Baldwin v. Zurich Am. Ins. Co.                                      iv
No. 03-14-00457-CV
Brief of the Appellee

# INDEX OF AUTHORITIES

C<small>ASES</small>

*Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654 (Tex. App.—Texarkana 2001, pet. denied) ........................................................................8

*Cervantes v. Tyson Food, Inc.,* 130 S.W.3d 152 (Tex. App.— El Paso 2003, pet. denied) ..................................................................8

*Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1 (Tex. App.—Amarillo 2012, pet. denied) ........................................................8

*Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620 (Tex. App—San Antonio 2009, no pet.) ......................................................8

*Johnson v. United Parcel Serv.,* 36 S.W.3d 918 (Tex. App.— Dallas 2001, pet. denied) .................................................................8

*LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786 (Tex. App.—Corpus Christi 2003, no pet.) .......................................................8

*Morales v. Travelers Indem. Co. of Conn.,* No. 01-14-00429-CV, 2014 WL 7340374 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, no pet. h.) (mem. op.) ...............................................7, 8

*Sunbeam Envtl. Servs., Inc. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846 (Tex. App. 2002) ...............................................10

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) .....................................................................7

*Tex. Dep't of Transp. v. Backner,* 74 S.W.3d 98 (Tex. App.— Waco 2002, no pet.) ......................................................................8

*Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209

Baldwin v. Zurich Am. Ins. Co.                                                                v
No. 03-14-00457-CV
Brief of the Appellee

S.W.3d 806 (Tex. App.—Fort Worth 2006, no pet.)................................................8

TEXAS RULES OF APPELLATE PROCEDURE

Tex.R.App. P. 38.3................................................................................10

STATUTES

Tex. Lab. Code Ann. § 410.252................................................................ 1, 3, 5, 7

Baldwin v. Zurich Am. Ins. Co.                                               vi
No. 03-14-00457-CV
Brief of the Appellee

## STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case | Linda Baldwin (Baldwin or the employee) asserted that she sustained a compensable injury on March 1, 2006. Zurich contended that she had not sustained a compensable injury on this date or, in the alternative, argued that it was relieved of liability. |
| | Baldwin did sustain a compensable injury on August 20, 2007. However, she asserted that the injury included a myriad of conditions that Zurich disputed. |
| Course of Proceedings | The Texas Department of Insurance, Division of Workers' Compensation (the Division or DWC) determined that Baldwin did not sustain a compensable injury on March 1, 2006 and that Zurich was relieved of liability. CR 448-52. With regard to the August 20, 2007 claim that Zurich accepted, the Division found that the compensable injury did not include the disputed diagnoses. CR 448-52. |
| | Baldwin filed her first petition in district court on October 5, 2012. CR 473. Baldwin brought tort claims against Zurich but did not appeal the decision of the Division. CR 473-81. The court dismissed the suit on January 3, 2013. CR 495. |
| | On April 28, 2013, Baldwin filed a new petition to request review of the Division's decision. CR 454-61. Zurich filed an amended answer and plea to the jurisdiction asserting that Baldwin did not appeal the Division's decision within 45 days pursuant to Texas Labor Code §410.252(a) and therefore the trial court lacked jurisdiction. |
| Trial Court's Disposition | The Hon. Judge Triana dismissed the case for lack of subject matter jurisdiction on March 21, 2014. |

Baldwin v. Zurich Am. Ins. Co.                                                    vii
No. 03-14-00457-CV
Brief of the Appellee

## ISSUES PRESENTED

**ISSUE NO. ONE:** DOES THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION WHEN AN EMPLOYEE IN A WORKERS' COMPENSATION CASE FILES FOR JUDICIAL REVIEW AFTER THE 45 DAY DEADLINE SPECIFIED IN THE TEXAS LABOR CODE LAPSES?

Baldwin v. Zurich Am. Ins. Co.                                                viii
No. 03-14-00457-CV
Brief of the Appellee

No. 03-14-00457-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

LINDA BALDWIN,
                                        Appellant

V.

ZURICH AMERICAN INSURANCE COMPANY,
                                        Appellee

APPELLEE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

The Texas Workers' Compensation Act requires a party seeking judicial review from a decision rendered by the Division to file suit not later than 45 days after the date the Division mailed the decision. TEX. LAB. CODE ANN. § 410.252(a). This is an appeal of the trial court's proper decision to grant Zurich's plea to the jurisdiction.

The underlying case is a workers' compensation suit brought by Baldwin after the Division determined that she had not sustained a compensable injury on March 1, 2006 and that furthermore, the compensable injury she sustained on August 20, 2007 did not extend to and include diagnoses Zurich disputed.

However, Baldwin failed to file a petition seeking review of the Division decision within 45 days.

Zurich moved to dismiss based on the grounds that Baldwin did not file suit within the requisite time period and the trial court therefore lacked jurisdiction over the suit. The trial court granted the plea and dismissed the suit. The district court's grant of the plea was proper and Zurich requests that this Court affirm the dismissal.

### STATEMENT OF FACTS

Baldwin was employed by Extended Stay Inc./HVM LLC as a laundry attendant in a hotel for both alleged dates of injury. CR 450. The Division heard two separate workers' compensation disputes at the Contested Case Hearing (CCH) that took place on June 14, 2012. CR-448.

The first case was docket number AU-11148351-01-CC-HD46. *Id.* The three issues before the Hearing Officer were: 1) Did Baldwin sustain a compensable injury on March 1, 2006; 2) Is Zurich relieved of liability due to Baldwin's failure to timely notify her employer of a work injury; and 3) Is Zurich relieved of liability due to Baldwin's failure to timely file a claim with the Division. *Id.*

The second case was docket number AU-08103562-03-CC-HD46. *Id.* Zurich accepted a claim with August 20, 2007 as the date of injury. *Id.* The sole

issue before the Hearing Officer was whether the compensable injury of August 20, 2007 extended to include plantar fasciitis of the left foot, left ankle sprain and sprain of the left anterior talofibular ligament, osteoarthritis of the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, and osteoarthritis of the left forearm and radiocapitellar joint of the right elbow. CR448-49.

The Hearing Officer found in Zurich's favor on all issues for both docket numbers in a decision signed on June 22, 2012. CR 451-52. Baldwin requested review with the Appeals Panel, but on September 4, 2012, the Panel issued notice that the Hearing Officer's Decision and Order had become final. CR 444. Baldwin then had 45 days from the date the Division mailed the notice from the Appeals Panel to file a request for judicial review of the Division's decision in district court. TEX. LAB. CODE ANN. § 410.252(a). Since the statute provides that the notice is deemed mailed five days after the notice is filed with the Division, Baldwin essentially had 50 days from September 4, 2012. *Id.* October 25, 2012 was therefore the deadline. RR 7.

Baldwin filed a petition on October 5, 2012, which was designated cause number D-1-GN-12 003139. CR 473. However, in that petition, Baldwin only alleged bad faith causes of action against Zurich and only requested relief in the

Baldwin v. Zurich Am. Ins. Co.     3
No. 03-14-00457-CV
Brief of the Appellee

form of economic damages. CR 473-80. Baldwin did not request review of the Division's decision in the October 5, 2012 petition and therefore did not comply with Texas Labor Code § 410.252(a).

Judge Tim Sulak granted Zurich's No Evidence Motion for Summary Judgment, Special Exceptions, and Plea to the Jurisdiction on January 3, 2013. CR 348. Judge Sulak clearly indicated in his order that Baldwin's suit was dismissed in its entirety and that the order was final and appealable. *Id.* That order was not appealed and Judge Sulak's ruling is not before this Court.

Seven months after the appeals panel mailed its decision to her, on April 18, 2013, Baldwin filed a second petition designated cause number D-1-GN-13-001281. CR 454. Baldwin re-plead her bad faith causes of action, but for the first time asserted that she was appealing the Division's decision regarding her 2006 and 2007 injuries. CR 454-61. Zurich filed another motion for partial summary judgment based on the affirmative defense of *res judicata.* CR 20. Zurich argued that Baldwin had already asserted tort and extra-contractual causes of action in her first suit and that they had been dismissed via the order from Judge Sulak. *Id.*

On July 17, 2013, Judge Rhonda Hurley signed an order granting the motion for partial summary judgment based on *res judicata.* CR 470. Judge Hurley stated that the motion was granted "as to all claims, except for the appeal of Ms.

Baldwin v. Zurich Am. Ins. Co.      4
No. 03-14-00457-CV
Brief of the Appellee

Baldwin's worker's compensation claims from the Texas Department of Insurance, Division of Workers Compensation, which remains unaffected by this Order." *Id.*

Zurich then filed an amended original answer and plea to the jurisdiction on February 21, 2014. CR 439. Zurich argued Baldwin did not request review of the Division's decision until April 18, 2013 and thus the trial court had no jurisdiction over the second lawsuit. CR 439-41. Judge Gisela Triana granted the plea and dismissed Baldwin's remaining claims via order signed March 21, 2014. CR 787. This is the only order of the three signed orders that has been appealed.

## SUMMARY OF THE ARGUMENT

The Texas Labor Code states that a request for judicial review of a Division decision in a Texas workers' compensation case must be filed within 45 days of the Division's decision. While Baldwin filed a petition within the 45-day limit, she plead bad faith causes of action and failed to indicate in her pleadings that she was seeking review of the adverse Division decision. Those causes of action were dismissed via summary judgment and plea to the jurisdiction.

Baldwin then filed a second petition where she requested review of the Division's determinations, but that petition was not filed within 45 days. As a result, jurisdiction was not conferred to the trial court and the grant of the plea to the jurisdiction was proper.

## ARGUMENT

The central issue in this workers' compensation case is whether the trial court had jurisdiction over Baldwin's appeal of the Division's decision given that she did not file a petition requesting review within the 45 day time limit. TEX. LAB. CODE ANN. § 410.252(a).[1] Because Baldwin did not file a petition seeking to appeal the Division decision within the requisite time period, this Court should affirm the trial court's judgment that dismisses the suit for want of jurisdiction.

> **ISSUE NO. ONE:** DOES THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION WHEN AN EMPLOYEE IN A WORKERS' COMPENSATION CASE FILES FOR JUDICIAL REVIEW AFTER THE 45 DAY DEADLINE SPECIFIED IN THE TEXAS LABOR CODE LAPSES?

It is undisputed that Baldwin had until October 25, 2012 to file a petition requesting a review of the Division's decision. Baldwin failed to meet that deadline and the trial court therefore lacked jurisdiction to consider a suit for judicial review of the Division's order. The plea to the jurisdiction was properly granted.

The statutory 45-day deadline is mandatory and jurisdictional. Baldwin has not claimed, at either the trial court level or the appellate level, that a plea to the jurisdiction is not a proper mechanism to challenge a late-filed workers' compensation appeal. Any such argument has been waived.

---

[1] Appellee does not dispute that Baldwin timely filed a request for review of the Hearing Officer's decision with the Appeals Panel. Instead, Zurich asserts that Baldwin failed to timely file suit in district court seeking judicial review of the Division's determination. Baldwin's assertion in this appeal that the

## A. STANDARD OF REVIEW.

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.* When a plea to the jurisdiction challenges the pleadings, the court should determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* The court should construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

## B. THE 45 DAY DEADLINE IS JURISDICTIONAL AND MANDATORY.

The Texas Workers' Compensation Act § 410.252(a) states that:

> A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

---

Appeals Panel dismissed her appeal due to untimely filing and that Zurich's plea is based on that determination is inaccurate. CR 444.

Eight Texas appellate courts have held that the 45 day deadline is mandatory and jurisdictional in nature, and if the suit is not timely filed, the trial court lacks subject matter jurisdiction. *Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624 (Tex. App—San Antonio 2009, no pet.); *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 812 n. 9 (Tex. App.—Fort Worth 2006, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Johnson v. United Parcel Serv.,* 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied); *Morales v. Travelers Indem. Co. of Conn.,* No. 01-14-00429-CV, 2014 WL 7340374, at *2 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, no pet. h.) (mem. op.); *See Cervantes v. Tyson Food, Inc.,* 130 S.W.3d 152, 155 (Tex. App.—El Paso 2003, pet. denied).[2]

The Appeals Panel issued notice that the Hearing Officer's decision and order had become final on September 4, 2012.CR 444. Baldwin had 50 days from that date to file suit seeking judicial review. TEX. LAB. CODE ANN. § 410.252(a). Baldwin did not file a petition in district court seeking review of the Division's

---

[2] *But see Tex. Dep't of Transp. v. Backner,* 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.).

decision until April 18, 2013. CR 454. The trial court therefore did not have jurisdiction to hear Baldwin's suit and properly granted Zurich's plea to the jurisdiction.

Baldwin in her briefing asserts that the original petition she filed on October 5, 2012 contains a request for judicial review of the Division's decision and therefore she met the 45 day deadline. *Appellant's Brief,* pg. 4. In that petition, Baldwin complains that Zurich failed to send the designated doctor in the underlying administrative action all of her medical records, that the carrier denied certain medications, and that Zurich exhibited bad faith practices. CR 28-36. She requested recovery of economic damages including loss of earnings as well as mental anguish. CR 34. However, nowhere in the petition did she assert that she was seeking judicial review of the Division's decision or that she had been harmed or aggrieved by the Hearing Officer's findings of fact or conclusions of law. As such, the four corners of the petition reflect that Baldwin failed to request judicial review by filing suit on October 5, 2012.

Furthermore, Judge Sulak dismissed the case related to the October 5, 2012 case in its entirety by order signed January 3, 2013. Baldwin did not appeal that dismissal. Therefore, even if Baldwin's argument were correct that she raised a request for judicial review in that petition, Baldwin failed to perfect an appeal from

that order of dismissal.

### C. BALDWIN HAS FAILED TO CHALLENGE THE PLEA TO THE JURISDICTION AS THE PROPER MEANS TO DISMISS HER CASE.

Where a claimant has failed to challenge the use of a plea to the jurisdiction to defeat a late-filed request for judicial review, Texas appellate courts have refused to remand a case where the trial court granted the plea. *See Morales v. Travelers Indem. Co. of Conn.,* No. 01-14-00429-CV, 2014 WL 7340374, at *2 (Tex. App.— Houston [1st Dist.] Dec. 18, 2014, no pet. h.) (mem. op.).

Baldwin has challenged the trial court's decision to grant the plea. She has also argued that the plea was not a proper method for challenging her pleadings because it challenged "the validity of the merits of Ms. Baldwin's claim, not the jurisdiction of the district court." *Appellant's Brief,* pg. 24-25. However, she does not contend that a plea to the jurisdiction is an improper vehicle to request relief from the trial court where the request for judicial review from the Division decision was filed after the 45 day time limit lapsed. Accordingly, she has waived such argument by failing to raise it in her initial brief. *See* Tex.R.App. P. 38.3; *Sunbeam Envtl. Servs., Inc. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App. 2002).

Baldwin failed to file a timely suit for judicial review of the Division's decision and the trial court therefore properly granted the plea to the jurisdiction.

## PRAYER

Zurich respectfully requests that this Court uphold the decision of the trial court to grant Zurich's plea to the jurisdiction and dismiss the suit, or for such other and further relief to which Petitioner may have shown itself to be entitled.

Respectfully submitted,

FLAHIVE, OGDEN & LATSON
P. O. Drawer 13367
Capitol Station
Austin, Texas 78711
512-477-4405
512-867-1700 Fax


/S/ Jessica M. MacCarty
Jessica M. MacCarty
State Bar No. 24077822
Robert D. Stokes
State Bar No. 19274100

Attorneys for Appellee
Zurich American Insurance Company

## CERTIFICATE OF COMPLIANCE

In accordance with Tex. R. App. P. 9.4(i)(2)(B), the undersigned counsel certifies that the document attached hereto contains 3,422 words as measured by the word count of the computer program used to prepare the document.

/S/ Jessica M. MacCarty_
Jessica M. MacCarty
State Bar No. 24077822
Attorney for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellee's Brief has been forwarded by certified mail, return receipt requested, on this 12th day of January, 2015 to:

**Linda Baldwin**
10151 Dorrell Lane #1164
Las Vegas, Nevada 89166
Appellant

/S/ Jessica M. MacCarty_
Jessica M. MacCarty

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

---

## LINDA BALDWIN,

### Appellant

## V.

## ZURICH AMERICAN INSURANCE COMPANY,
### Appellee

---

## APPENDIX TO APPELLEE'S BRIEF

---

1. Texas Department of Insurance, Division of Workers' Compensation Contested Case Hearing Decision and Order, signed June 22, 2012

2. Texas Department of Insurance, Division of Workers' Compensation Appeals Panel Notice of Decision, dated September 4, 2012

3. Baldwin's Original Petition, filed October 5, 2012

4. Order Granting Defendant's Motion for Partial Summary Judgment, Special Exceptions, and Plea to the Jurisdiction with Dismissal by Judge Tim Sulak, dated January 3, 2013

5. Baldwin's Original Petition, filed April 18, 2013

6. Order Granting Defendant's Motion for Partial Summary Judgment by Judge Rhonda Hurley, dated July 17, 2013

7. Order of Dismissal by Judge Gisela Triana, dated March 21, 2014

8. TEX. LABOR CODE ANN. § 410.252

---

# Tab 1

CONFIDENTIAL
Tex. Labor Code
§402.083

# TEXAS DEPARTMENT OF INSURANCE
## DIVISION OF WORKERS' COMPENSATION
### AUSTIN FIELD OFFICE
### AUSTIN, TEXAS

TDI/DWC
RECEIVED

JUN 26 2012

CHIEF CLERK OF PROCEEDINGS

| | | |
|---|---|---|
| LINDA BALDWIN,<br>CLAIMANT | § | |
| | § | |
| | § | |
| v. | § | **DOCKET NOS.** |
| | § | **AU-11148351-01-CC-HD46** |
| | § | **and** |
| | § | **AU-08103562-03-CC-HD46** |
| ZURICH AMERICAN INSURANCE<br>COMPANY,<br>CARRIER | § | |

## DECISION AND ORDER

This case is decided pursuant to Chapter 410 of the Texas Workers' Compensation Act and Rules of the Division of Workers' Compensation adopted thereunder.

## ISSUES

A benefit review conference was held on August 25, 2011, to mediate resolution of the disputed issues; however, the parties were unable to reach an agreement. A contested case hearing was held on June 14, 2012, to decide the following disputed issues in Docket Number **AU-11148351-01-CC-HD46**:

1. Did the claimant sustain a compensable injury on 03/01/06?

2. Is the carrier relieved from liability under Texas Labor Code Ann. §409.002 because of the claimant's failure to timely notify her employer pursuant to §409.001?

3. Is the carrier relieved from liability under Texas Labor Code Ann. Section 409.004 because of claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by Texas Labor Code Ann. Section 409.003?

and the following disputed issues in Docket Number **AU-08103562-03-CC-HD46**

1. Does the compensable injury of 08/20/07 extend to and include an injury consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthrosis of

1

448

CONFIDENTIAL
Tex. Labor Code
§402.083

the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow?

## PARTIES PRESENT

Claimant appeared without representation. Carrier appeared and was represented by Lynette Phillips, attorney.

## EVIDENCE PRESENTED

The following witnesses testified:

For Claimant: Linda Baldwin.

For Carrier: None.

The following exhibits were admitted into evidence:

Hearing Officer's Exhibits HO-1 through HO-4.

Claimant's Exhibits in docket no. AU-11148351-01-CC-HD46: C-1 through C-16.
Claimant's Exhibits in docket no. AU-08103562-03-CC-HD46: C-1 through C-17.

Carrier's Exhibits in docket no. AU-11148351-01-CC-HD46: CR-A through CR-G.
Carrier's Exhibits in docket no. AU-08103562-03-CC-HD46: CR-A through CR-F.

## BACKGROUND INFORMATION

The Claimant contends that she sustained an injury on March 1, 2006, in the form of left plantar fasciitis due to excessive standing and pacing at work. However, the medical records in evidence from 2006 all indicate that the Claimant sustained injury to her foot while working temporarily at a nursing home when a cart ran over her left foot. The Claimant argued that she timely reported her injury because the employer was aware of it and saw her in a cast. However, there was no evidence that the employer was aware that the Claimant was claiming the injury occurred due to her job duties with that employer. The Claimant failed to meet her burden of proof that she sustained an injury in the course and scope of employment on March 1, 2006, or that she timely reported such an injury to the employer. The evidence also indicates that the Claimant failed to file a claim with the Division until November of 2010.

The Claimant sustained a compensable injury on August 20, 2007, to her bilateral wrists while working as a laundry attendant for the employer. The Claimant contends that her injury extends to include the conditions at issue. The Claimant was examined by Designated Doctor (DD) Fernandez on April 15, 2010, for the purpose of determining extent of injury in this claim. The

2

449

CONFIDENTIAL
Tex. Labor Code
§402.083

DD found that the compensable injury is an injury to the bilateral wrists only. The preponderance of the evidence supports the DD's opinion. There is no expert medical evidence that links the claimed conditions to the compensable injury. The evidence does not support the compensability of the claimed conditions.

Even though all the evidence presented was not discussed, it was considered. The Findings of Fact and Conclusions of Law are based on all of the evidence presented.

## FINDINGS OF FACT

1.   The parties stipulated to the following facts in docket no. **AU-11148351-01-CC-HD46** :

     A.   Venue is proper in the Austin Field Office of the Texas Department of Insurance, Division of Workers' Compensation.

     B.   On March 1, 2006, Claimant was the employee of Extended Stay Inc./HVM LLC, Employer.

     C.   On March 1, 2006, Employer provided workers' compensation insurance with Zurich American Insurance Company, Carrier.

     And to the following facts in docket no. **AU-08103562-03-CC-HD46:**

     A.   Venue is proper in the Austin Field Office of the Texas Department of Insurance, Division of Workers' Compensation.

     B.   On August 20, 2007, Claimant was the employee of Extended Stay Inc./HVM LLC, Employer, and sustained a compensable injury.

     C.   On August 20, 2007, Employer provided workers' compensation insurance with Zurich American Insurance Company, Carrier.

2.   Carrier delivered to Claimant a single document stating the true corporate name of Carrier, and the name and street address of Carrier's registered agent, which document was admitted into evidence as Hearing Officer's Exhibit Number 2.

3.   The Claimant did not sustain damage or harm to the structure of her body while in the course and scope of employment on March 1, 2006.

4.   The Claimant failed to inform the Employer that she was injured due to her job duties with that employer on March 1, 2006, within 30 days of the date of the claimed injury and there was no good cause shown for her failure to do so.

3

450

5. The Claimant did not file a claim with the Division for a claimed injury on March 1, 2006, until November of 2010 and there was no good cause shown for her failure to do so.

6. The compensable injury of August 20, 2007, did not cause or aggravate an injury consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthrosis of the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow.

## CONCLUSIONS OF LAW

1. The Texas Department of Insurance, Division of Workers' Compensation, has jurisdiction to hear this case.

2. Venue is proper in the Austin Field Office.

3. The Claimant did not sustain a compensable injury on March 1, 2006.

4. The Carrier is relieved from liability under Texas Labor Code Ann. §409.002 because of the Claimant's failure to timely notify her employer pursuant to §409.001.

5. The Carrier is relieved from liability under Texas Labor Code Ann. Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by Texas Labor Code Ann. Section 409.003.

6. The compensable injury of August 20, 2007, does not extend to and include an injury consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthrosis of the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow.

## DECISION

The Claimant did not sustain a compensable injury on March 1, 2006. The Carrier is relieved from liability under Texas Labor Code Ann. §409.002 because of the Claimant's failure to timely notify her employer pursuant to §409.001. The Carrier is relieved from liability under Texas Labor Code Ann. Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by Texas Labor Code Ann. Section 409.003. The compensable injury of August 20, 2007, does not extend to and include an injury consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthrosis of the left knee and left lower extremity, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow.

4

451

CONFIDENTIAL
Tex. Labor Code
§402.083

## ORDER

In Docket Number AU-11148351-01-CC-HD46, Carrier is not liable for benefits and it is so ordered.

In Docket Number AU-08103562-03-CC-HD46, Carrier is not liable for the benefits at issue in this hearing and it is so ordered. Claimant remains entitled to medical benefits for the compensable injury in accordance with §408.021.

The true corporate name of the insurance carrier is **ZURICH AMERICAN INSURANCE COMPANY** and the name and address of its registered agent for service of process is

**CORPORATION SERVICE COMPANY**
**211 EAST 7th STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3232**

Signed this 22nd day of June, 2012.

Cristina Beceiro
Hearing Officer

5

452

# Tab 2





# TEXAS DEPARTMENT OF INSURANCE
## DIVISION OF WORKERS' COMPENSATION

> **Si prefiere hablar con una persona de habla hispana acerca de esta correspondencia o de su reclamo, sírvase llamar al 1-800-252-7031.**

September 4, 2012

ZURICH AMERICAN INSURANCE CO
1400 AMERICAN LN
SCHAUMBURG, IL 60196-5452

C/O FLAHIVE OGDEN & LATSON
BOX NBR 19

**Claim No:** 08103562
**Docket No:** 08103562-03-A1
**Carrier No:** 2230161474
**Employee:** LINDA BALDWIN
**Employer:** HVM LLC

**Date of Injury:** August 20, 2007

After review by the Appeals Panel this Notice is the decision filed with the Deputy Commissioner of Hearings regarding the matters in dispute and in response to a request for review by the Appeals Panel of the Hearing Officer's Decision and Order. Accordingly, this constitutes notice that the Hearing Officer's Decision and Order signed on    June 22, 2012    became final on the date listed at the top of this notice under the provisions of §410.169 or §410.204(c) of the Texas Labor Code. If the Hearing Officer's Decision and Order became final under §410.169, a notice of untimely appeal is enclosed.

If you are not satisfied with this decision and desire to have the dispute resolved in court, then you must file a lawsuit in the appropriate district court. A copy of any such lawsuit must be filed simultaneously with the CHIEF CLERK OF PROCEEDINGS, TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION, P.O. BOX 17787, AUSTIN, TEXAS, 78744-7787.

Injured employees that are not represented by an attorney may consult with an attorney of their choice for further assistance.

RECEIVED BY
FOL DATA DEPT

SEP 05 2012

RECEIVED

CARRIER COPY RECEIVED SEP 05 2012
BY CARRIER'S AUSTIN REP
REP _____ FOL Elleroom
Gordon Clayton
BY _____
DATE _____

Sincerely,

TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION

# Tab 3

CAUSE NO. D-1-GN-12 003139

| LINDA BALDWIN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE CO. | § | |
| Defendant | § | JUDICIAL DISTRICT |

35374

Filed in The District Court
of Travis County, Texas

OCT 05 2012

At _____ M.
Amalia Rodriguez-Mendoza, Clerk

## PETITION by JUDGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LINDA BALDWIN, Plaintiff, complaining of ZURICH AMERICAN INSURANCE CO., Defendant, for causes of action and would respectfully show the court the following:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff requests that this cause be placed on a Level 2 discovery control plan.

### II.
### PARTIES

Plaintiff is an individual who resides in Travis County, Texas.

Defendant ZURICH AMERICAN INSURANCE CO. is a corporation which may be served with process by serving its registered agent, 211 East 7th St., Suite 620, Austin, Texas 78701.

EXHIBIT A

28

## III.
## JURISDICTION/VENUE

The District Courts of Travis County, Texas have jurisdiction over this cause of action because Plaintiff's damages are in excess of the jurisdictional minimum amount in controversy for such courts. Venue is proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.001 because that is where part or all of the cause of action occurred.

## IV.
## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND TIMELINESS

Plaintiff has met all procedural and prerequisites to bringing this claim.

## V.
## BACKGROUND

The Contestant Case Hearing in this matter was held on June 14, 2012. The Hearing officer issued a decision and ordered that the Plaintiff did not sustain a compensable injury on August 20, 2007. The hearing officer failed to determine that the issues involved were the compensable injury of 08/20/07 extends to an injury consistent of plantar fasciitis of the left ankle and left anterior talo fibular ligament, osteoarthritis of the left knee and lower extremities, left knee crepitus, left shoulder impingement syndrome, osteoarthritis of the left forearm and radiocapitellar joint of the right elbow. To support relatedness, Plaintiff has provided documentation from her treating doctors explaining how the disputed diagnoses are related to the compensable injury as well as to her employer, Extended Stay Hotel. Plaintiff has objected to the DWC selected designated Dr. Jim Fernandez's report being considered and the carrier Zurich Health Provider for failure to provide all of Plaintiff's medical records as required under DWC.

# VI.
## COURSES OF ACTION 340.04 COMPENSABLE INJURY

[1] General Rule of Compensability: In general, an employee covered by the Workers' Compensation Act will be compensated for an injury without regard to fault or negligence if the injury arises out of and in the courses and scope of employment. [Tex. Lab. Code § 406.031(a)].

[2] Injury [a] Injury Defined: For purpose of workers' compensation, injury means damage or harm to the physical structure of the body and those diseases or infection naturally resulting from the damage or harm [Tex. Lab. Code § 401.011(26)]. The term includes occupational diseases [see § 340.04[b] [i]]. It also includes an injury of disability the result from medical treatment institutes to cure or relieve an employee from the effects of the original work related injury [Payne v. Galen Hosp. Corp., 28 S.W. 3d 15, 18 (Tex. 2000)]. Mere pain that is not accompanied by damages to body is not a compensation injury [Peterson v. Con't Cas. Co., 997 S.W.2d 893, 895 (Tex. App.—Houston [1st Dist.] 199, no pet.)].

Although aggravation of a preexisting injury is included [Mendoza v. Old Republic Ins. Co., 333 S.W.3d 183 187 (Tex. App—El Paso 2010, pet denied); Peterson v. Cont'l Cas. Co., 997 S.W.2d 893, 895 (Tex. APP.—Houston [1st Dist.] 1999, no pet.)], there must be some worsening of the underlying condition from the injury, and a mere recurrence of the symptom inherent in the preexisting injury, so failure to present such evidence required setting aside jury finding of efferent [State Office of Risk Mgmt. v. Adkins, 347 S.W.3d 394, 399—404 (Tex. App.—Dallas 2011, no pet.) (expert testimony required to establish aggravation of preexisting injury, so failure to present such evidence required setting aside jury finding of injury).

## VII.

## FACTS

On August 27, 2007, Plaintiff was evaluated by her treating physician Dr. Michael Albrecht under worker's compensation reference to a **positive Tinel** recreating symptom, and a median nerve compression test doing the same. (See exhibit E). On November 16, 2012, the DWC appointed the designated Dr. Murray Strauss to examine Plaintiff's physical examination and found her not reached MMI (See exhibit G), and that the Plaintiff has **not** received adequate treatment by Dr. Michael Albrecht. (See exhibit F).With the suggestion inonophoresis with dexamethasome and ultrasound of the flexor surface left wrist specifically the region of the flexor Carpi radialis tendon is used.

### a. Dr. Fernandez Did Not Have the FEC Report as Required

On March 5, 2008, Dr. Jim Fernandez was appointed by DWC to evaluate Plaintiff's condition. In his report he states that plaintiff had positive Frankenstein on the left and negative on the right. She has discrete tenderness along the anterior aspect of the right wrist overlaying the flexor tendon. In his same narrative he reports that plaintiff has **negative Tinel** at the wrist and at the elbow. (See exhibit H). Dr. Michael Albrecht's medical report states that Plaintiff has caused injuries to both of her elbows with spacing which causes her pain. Dr. Jim Fernandez' finding that Plaintiff **has reached MMI** failed to note the reason why she did not have negative Tenil when being tested. Plaintiff had tested positive. (See exhibit J). In Dr. Jim Fernandez' report, he did not have the FCE report available to him, and stated that he would amend the report once he received it from the carrier and the treating physician.

**b. Plaintiff was denied her medication by the Carrier Zurich Health Care
under the care of Dr. Patel under pursuant to DWC.**

On April 24 2008, Plaintiff was examined by Dr. Patel to whom she was referred by treating Dr. Michael Albrecht. In Dr. Patel's report, he stated that Plaintiff still had **a positive Tinel** over the median nerve bilateral as well as diffused pain with deep palpation of the flexor tendon at the wrist, as well as over her extensor tendons in both hands. In addition to Dr. Patel notes in his negative; he stated Plaintiff did not get all her ionospheres treatment due to some delay in the insurance or getting her the medication. (See exhibit K). On September 24, 2007, Plaintiff was examined with both wrist having tendonitis and some tendosnovities (See exhibit F). On September 17, 2007, Plaintiff Baldwin was examined by Dr. Powell with symptoms of the right **very mild CTC** on the right, normal on the left. (See exhibit L). In addition, an MRI was taken of the upper extremities and read by the treating doctor, Dr. Albrecht, marked as (Exhibit M), showing that plaintiff is **not** at **MMI.**

**c. The Carrier failed to send to Dr. Jim Fernandez the FCE report
as required under sec.130.5 (d) (3) (C).**

On April 15, 2010 the Texas Department of Insurance instructed Workers' Compensation Division to perform a Designated Doctor evaluation for purposes of determining the extent of the employee's compensable injury. Plaintiff was examined by Dr. Jim Fernandez. In his narrative he reports a disclaimer, that his opinion is based on clinical finding assessment, examination, and provided documentation (see exhibit N). Under § 130.5(d) (3) (C), the carrier and the treating physician are required to provide all medical records pursuant to DWC. If the designated doctor has not received the medical records at least three working days prior to the examination, the doctor is to notify the commission's Division of the Compliance and Practices

32

and the doctor may elect to reschedule. An examination reschedule for these reasons must be conducted even if the complete medical has not yet been received [28 Adm. C. § 130.5(d) (3) (D)].

### d. § 340.43 Bad Faith Practices

[1] Breach of Duty, of Good faith and [a] Bad faith Causes of Action: On or about August 27, 2007, Plaintiff was examined by her treating physician Dr. Michael Albrecht, and later other physicians complaining of pain of the lower extremities. The condition started as early as August 2007, contributing to her injury with repetitive activities. Plaintiff reported injury to her lower extremity to her employer as required under Sec.409.001. NOTICE OF INJURY TO EMPLOYER. See exhibit (O), employment records. The medical records of the doctors she has seen are noted as exhibit (P). On March 06, 2012, Plaintiff filed a report to carrier Zurich Health Care Provider pursuant to DWC rules. Plaintiff was denied. See exhibits (Q and R). Plaintiff's doctors have explained how these injuries have occurred and that they are work related.

## VIII.
### Relief Sought
### Missing medical records and extent of injury
### Courses of Action 340.04 Compensable

General Rule of Compensability. In general, an employee covered by the Workers' Compensation Act will be compensated for an injury without regard to fault or negligence if the injury arises out of and in the courses and scope of employment. [Tex. Lab. Code § 406.031(a)].

33

## Relief Sought Causes of Action
### 340[1] Breach of Duty of Good faith and [a] Causes of Action

The carrier knew or should have known that there was no reasonable basis for denying or delaying payments of claim.

As a direct and proximate result of Defendant's improper and illegal actions, Plaintiff has suffered significant damages:

A. Plaintiff's missing medical records have prolonged treatment for her condition; and that treatment will not be authorized by Defendant unless Plaintiff can show that medical condition requires it;

B. Plaintiff needs relief from her medical condition and suffers currently until treatment can be provided;

C. Plaintiff's claim against Defendant would be supported by the missing medical records;

D. Physical pain and suffering currently and in the future;

E. Loss of earnings in the past and present;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Mental anguish in the past and present;

H. Mental anguish in the future;

I. Loss of recoverable damages in the claim filed with Defendant; and

J. Pro se fees of Plaintiff.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final trial hereof Plaintiff be provided her missing medical records or an affidavit explaining what happened to her medical records that Defendant's appointed doctor possessed or were provided by Defendant Zurich American Insurance Co. to Dr. Fernandez, in relation to Plaintiff Baldwin, and all other relief at law or in equity to which Plaintiff may be justly entitled.

Linda Baldwin, Plaintiff
P.O. Box 2632
Cedar Park, TX 78630
512-810-3126

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent on _10-5-12_ via certified mail, return receipt requested, to the following:

**ATTORNEY**

Zurich Health Care
211 EasT 7th St
Suite 620
Austin, Texas 78701

Linda Baldwin
P.O. Box 2632
Cedar Park, TX  78630
(512) 810-3126

36

# Tab 4

CAUSE NO. D-1-GN-12-003139

| | | |
|---|---|---|
| LINDA BALDWIN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 353RD DISTRICT COURT |

Filed in The District Court of Travis County, Texas

JAN 03 2013

At 3:32 p.m.

Amalia Rodriguez-Mendoza, Clerk

## ORDER GRANTING DEFENDANT'S NO-EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT, SPECIAL EXCEPTIONS, AND PLEA TO THE JURISDICTION

CAME ON this day for consideration Defendants Zurich American Insurance Company's No-Evidence Motion for Partial Summary Judgment, Special Exceptions, and Plea to the Jurisdiction. The Court having considered such matters and Plaintiff's response, evidence, and arguments in opposition, if any, enters the following order:

It is ORDERED, ADJUDGED AND DECREED that Defendant Zurich American Insurance Company's No-Evidence Motion for Partial Summary Judgment should be, and hereby is, GRANTED, as to all claims. It is FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Zurich American Insurance Company's special exceptions should be, and hereby are, SUSTAINED as to all claims, without leave to amend. It is FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Zurich American Insurance Company's plea to the jurisdiction should be, and hereby is, SUSTAINED, and Plaintiff's suit is dismissed in its entirety. This is a final, appealable order. All costs of suit shall be paid by the party incurring same.

SIGNED this ___3RD___ day of January 2013.

_____
JUDGE PRESIDING

TIM SULAK

Order

Page 1
{2003/0167/03032000.DOC.1}

348

| | | |
|---|---|---|
| LINDA BALDWIN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 261st |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE CO., | § | |
| Defendant | § | JUDICIAL DISTRICT |

## PETITION to JUDGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LINDA BALDWIN, Plaintiff, complaining of ZURICH AMERICAN INSURANCE CO., Defendant, for causes of action Misrepresentation by the defendant.

### I.
### JURISDICTION/VENUE

Plaintiff is an individual who resides in Travis County, Texas.

Defendant ZURICH AMERICAN INSURANCE CO. is a corporation which may be served with process by serving its registered agent, 211 East 7th St., Suite 620, Austin, Texas 78701.

### II.
### BACKGROUND

1.      The Contested Case Hearing in this matter was held on June 14, 2012. The Hearing Officer, Christina Becerio,in the Contestant Case Hearingfor Lind Baldwin which issued a decision and ordered that the claimant did not sustain injury dated August 20, 2007, a compensable injury. (See exhibit A). In addition, in this case the Contestant Case Hearing Officer failed to consider all required guidelines. The Hearing Officer failedto take into considerationall of Plaintiff Baldwin'sevidence that was available pursuant to TWC rules. If the firsthand witness is available to testify, the Hearing Officer should take the sworn testimony, if possible, rather than taking a written statement in lieu of testimony.

2.      On November 19, 2012, the Honorable Judge granted the Defendant, Zurich American Insurance Company, by denying Plaintiff a motion for default judgment.

5

On January 3, 2013, a decision was made by the Honorable Judge Tim Sulcak of said court on the following action: Order granting the defendant no-evident motion for partial judgment, summary judgment, special exception and plea to the jurisdiction.

4.     On February 21, 2013, Plaintiff Baldwin filed reconsideration due to Chief Clerk of proceeding error in its decision not admitting Plaintiff Baldwin timely filed her appeal on June 27, 2012. Plaintiff had faxed the Chief Clerk proceeding within the statute 15 days before the deadline. (See exhibit B).

5.     Plaintiff was notified that a Decision and Order signed on June 22, 2012 became final. PerPlaintiff's request on March 22, 2013, a decision was made by the acting Deputy Commissioner of Hearing that Plaintiff may seek judicial review of an Appeal Panel Decision under the Texas Labor Code Section 410.251, *et seq.* (See exhibit C).

## CAUSES OF ACTION MISREPRESENTION

Misrepresentation refers to a statement made by a party to a contract that induces another to enter into a contract, which can be interpreted, as false or untrue. The misrepresentation must be both false and fraudulent, in order to make the party making it liable for damages.

### Torts § 552 define a negligent misrepresentation as:

"Zurich American Insurance Company who, in the course of his business, profession or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, in which has fails to exercise reasonable care or competence in obtaining or communicating the information."

### Plaintiff's Employment and Injury While Employed

6. Plaintiff was an employee of Extended Stay Hotel on or about April 7, 2004, the date of accident. On or about that date, Plaintiff sustained serious, painful, disabling personal injuries from standing long periods of time and twisting and reaching on lower and upper extremities of both wrists. Plaintiff sustained these injuries in the course of her employment within Travis County, Texas.

7. Defendant Zurich Insurance Company issued to Plaintiff's employer insurance and received premiums for that policy. All premiums on that policy were paid and that policy was in full force and effect on the date that Plaintiff received her disabling injuries, as will be described below.

8. That policy of insurance was issued for the Plaintiff's benefits and provided for the payment of certain benefits in the event she was injured while carrying on her employer's business, either on the company premises or elsewhere.

9. Plaintiff had worked for Extended Stay Hotel for at least three years and seven months of the year immediately preceding her accident injuries and had average daily wages during the days that she actually worked of $10.25 per hour. In the alternative, there was another employer Plaintiff worked for, Cedar Ridge Care Center, as her second job making $9.00 per hour. If determination of Plaintiff's average weekly wage, as required by law, is impossible, then Plaintiffs average weekly wage, as of the date of injury, would be at least $770.00 weekly salary.

10. As a result of this accident, Plaintiff suffered injuries outlined below. Regarding the Designated Doctor Examination - "The treating doctor and the insurance carrier are both responsible for sending to the designated doctor all of the injured employee's medical records relating to the issue to be evaluated by the designated doctor that are in their possession."

**Evaluations of Plaintiff's Injuries**

11. On October 24, 2007, Plaintiff was seen and evaluated by Dr. Albrecht who treated her condition concerning the pain in her lower leg; ankle and foot pain; also knee pain in extremities under Workers' Compensation. His impression of Plaintiff's condition were Left tibial metaphysical mass-rule

7

out neoplastic process; Left midfoot DJD; left ankle pain-likely related to number one; left knee discomfort-possibly related to number one with gait discomfort. (See exhibit D).

12. On November 30, 2007, Plaintiff was examined by Dr. Gary Prant in relation to the same complaint of left foot pain (See exhibit E). Dr Prant diagnosed Plaintiff with the diagnoses plantar fascia of the foot pain.

13. As well as diagnoses of pain when Plaintiff filed with her employer Extended Stay Hotel on August 20, 2007 and March 6, 2006,the FCE report was given by the PT, Nancy Howe, on August 27, 2007. Plaintiff was evaluated by her treating physician, Dr. Michael Albrecht, in reference to a positive Tinel recreating symptom, and a median nerve compression test doing the same. On November 16, 2012, the DWC appointed the designated Dr. Murray Strauss to examined Plaintiff's physical condition and found her not reached MMI (See exhibit F). And that the Plaintiff has not received adequate treatment by Dr. Michael Albrecht. With the suggestion inonophoresis with dexamethasome and ultrasound of the flexor surface left wrist, specifically the region of the flexor Carpi radialis tendon.

14. On March 5, 2008, Dr. Jim Fernandez was appointed by DWC to evaluate Plaintiff's condition. In his report he states that Plaintiff has positiveFrankenstein on the left and negative on the right. She has discrete tenderness along the anterior aspect of the right wrist overlaying the flexor tendon. In his same narrative he reports that Plaintiff has negative Tinel at the wrist and at the elbow. Dr. Michael Albrecht's medical report states that she has caused injuries to her both elbows with spacing; in which Dr. Jim Fernandez found Plaintiff has reached MMI, andfailed to note the reason why she did not have negative Tenil, and has Plaintiff been tested.

15. On April24, 2008, Plaintiff was examined by Dr. Patel to whom she was referred by her treating doctor, Dr. Michael Albrecht. In Dr. Patel's report he stated that Plaintiff still hada positive Tinel over the median nerve bilateral as well as diffused pain with deep palpation of the flexor tendon at the wrist, as well as over her extensor tendons in both hands. In addition,Dr. Patel notes in his negative; he statesPlaintiff did not get all her ionospheres treatment due to some delay in the insurance or getting her the medication. (See exhibit G). On September 24, 2007, Plaintiff was examined with both wrists having

tendonitis, some tendosnovities(See exhibit H).On September 17, 2007, Plaintiff Baldwin wasexamined by Dr. Powell with symptoms of very mild CTC on the right, normal on the left.

16. OnOctober 15, 2008, Plaintiff filed a complaint with DWC reporting that she would like to change treating doctors because she was concerned about her health. (See exhibit I). Plaintiff's request was granted. On October 15, 2008, Plaintiff was seen by Dr. Ira Lownand treated bilateral upper extremities in which she needed surgery.

(A) Identify objective clinical or Laboratory finding of permanent raring. For current compensable injury; (B) document specific laboratory or clinical finding of an impairment. (C) Analyze specific clinical and laboratory finding of an impairment.

If additional information is not consistent with the clinical finding of the certifying doctors, then the documentation most clearly explainwhy the information is not being used a part of the impairment rating.

### Workers' Compensation Doctor

17. On April 15, 2010, Dr. Jim Fernandez was appointed by the DWC which failed to consider all of Plaintiff's medical records that were authorized by law. The FCE report was not available to Dr. Jim Fernandez by the treating Dr. Michael Albrechtnor did he have a copy of the FCE report.And the carrier Zurich Insurance Company never provided a copy of Plaintiff's medical report. In Dr. Jim Fernandez's disclaimer, he reports that his opinion rendered in this case was based on all medical records that were provided to him during the examination. He stated that these injuries have rendered Plaintiff unable to preform ordinary and usual tasks. As a consequence, Plaintiff was unable to obtain employment performing the ordinary and usual tasks of a worker, and therefore, she was totally and permanently incapacitated within the meaning of the Texas Workers' Compensation Act.

### Plaintiff Timely Reported Her Injury

If at the time the accident injuries were sustained, Plaintiff was suffering from arthritisand/or other diseases or conditions, then that condition was not disabling but that the injuries complained of above caused that disease or condition to becameaggravated, excited, precipitate, worsen or accelerate, so

9

that it also became a producing cause of the Plaintiff's incapacity. In addition to health condition Plaintiff Baldwin did not have any pervious injuries before she started her employment with Extended Stay.

18.     Within 30 days after the receipt of the accidental injuries described above, notice was given by Plaintiff to Defendant. In the alternative, Plaintiff's employer and Defendant had accrual notice of Plaintiff's accidentandinjuries 30 days from the time that the injuries were occurred and within 6 months after the accident.  Plaintiff filed a due and proper claim for compensation with the Texas Workers' Compensation Commission.

19.     The payment of compensation to Plaintiff in weekly 18-week installments instead of a lump sum was a hardship to her. In addition, the Defendant's behavior had totally ignored Dr. Fernandez'srequest for the FCE reports.  If Defendant received those records, they should have made them available to him. (See exhibit _H_).

### III.

### XXXX

20.     Plaintiff is entitled to recover from the injuries that were sustained March 6, 2006, and August 20, 2007, that were shown by her treating physician.Plaintiff is entitled to recover $478.00per week for her injuries and incapacity as provided by the Texas Workers' Compensation Act. In the alternative, Plaintiff is entitled to recover 20 months of weekly compensation and to be compensated for period incapacity.

### IV.

### PRAYER FOR RELIEF

21.     Consequently, Plaintiff prays that Defendant Zurich Insurance Company be cited to appear and answer in this matter; that on trial of this matter, the final Award of the Texas Workers' Compensation be set aside and Plaintiff have judgment against Defendant for Workers' Compensation benefits of $478.00 per week for 20 months; alternatively, that incapacity plus a permanent loss of wages earning capacity, that Defendant be allowed its statutorydiscount; that Plaintiff recover in a lump sum;

10

that Plaintiff have judgment against Defendant for all past due installments of compensation with 5%interest due on the amount of the judgment from the respective dates of maturity of each installment; that Plaintiff recover cost of suit; that pro se fees be paid in lump sum; that that Plaintiff removes interest on the judgment at legal rate; and for other interest on the judgment rate; and for other and further relief; and the Defendant policy limits in which she is entitle to both general and special, at Law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LINDA BALDWIN
8312 Fathom Circle # 901
Austin, Texas 78750

11

## CERTIFICAT OF SERVIC

**I certify that a true and correct of the foregoing document has been sent on April 18, 2013, via certified mail, return receipt requested, to the following**

Defendant ZURICH AMERICAN INSURANCE CO. is a corporation which may be served with

process by serving its registered agent, 211 East 7th St. Suite 620 Austin, Texas 78701

Linda Baldwin
8312 Fathom Circle # 901
Austin Texas 78750

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: _Linda Baldwin_ | Email: _____ | Plaintiff(s)/Petitioner(s): _Linda Baldwin_ _Pro Se_ | ☐ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| Address: _8312 Fathom Circle_ | Telephone: _512 810-3126_ | | Additional Parties in Child Support Case: |
| City/State/Zip: _Austin TX_ | Fax: | Defendant(s)/Respondent(s): _Zurich American Insurance_ | Custodial Parent: _____ Non-Custodial Parent: _____ |
| Signature: _[signature]_ | State Bar No: | | Presumed Father: _____ |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Enforcement/Modification |
| _____ | ☐ Legal | ☐ Other Property: | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | _____ | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Support Order |
| ☐ Other Foreclosure | Liability: | | | |
| ☐ Franchise | _____ | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Judgment Nisi | Judgment | Termination |
| ☐ Non-Competition | *Product Liability* | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☒ Other Contract: _Misrepresentation Insurance_ | ☐ Other Product Liability List Product: _____ | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Protective Order | ☐ Custody or Visitation |
| | | ☐ Other: _____ | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | of Minority | ☐ Grandparent Access |
| | _____ | | ☐ Other: | ☐ Parentage/Paternity |
| | | | _____ | ☐ Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | _____ |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☒ Other Employment: _Misrepresentation Insurance_ | ☐ Foreign Judgment ☐ Intellectual Property | ☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

13

Rev 2/13

# Tab 5

CAUSE NO. D-1-GN-12-001281

| LINDA BALDWIN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE CO., | § | |
| Defendant | § | JUDICIAL DISTRICT |

Filed In The District Court
of Travis County, Texas

APR 1 . 2013 SG
12:44 P. M.
Amalia Rodriguez-Mendoza, Clerk

## PRO SE NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

Pro Se means legal representation refers to a process where a party in a case represents oneself in a court of law, instead of being represented by a lawyer. Pro se is derived from the Latin term that means "for oneself". This proceed can occur in any court proceeding where the party acting in pro se legal representation is the plaintiff or the defendant, or if the person is representing in a civil or criminal case. According to the report of the American Bar Association study of self-represented litigants conducted in the year.

LINDA BALDWIN
8312 FATHOM CIRCEL # 901
AUSTIN, TEXAS 78750

14

Cause Number: D-1-GN-13-00128 1

Petitioner/ Plaintiff **Linda Baldwin**

In the *(check one):*

**261st**
*(Court Number)*

☑ District Court
☐ County Court at Law
☐ Justice of the Peace

Filed in The District Court of Travis County, Texas

APR 18 2013

Amalia Rodriguez-Mendoza, Clerk 12:44 p.m.

Respondent/ Defendant **Zurich America Ins**

**Travis**
*(County)*

County, Texas

# Affidavit of Indigency
*(Request to Not Pay Court Fees)*

Use this form to ask the court not to charge you for court fees. This form is also called an "Affidavit of Inability to Pay Court Costs" or a "Pauper's Oath." You can only use this form if: (1) you get public benefits because you are poor or (2) you can't pay court fees.
The information you give on this form must be current, complete, true and correct.

You must either 1) sign this form in front of a notary public or 2) sign this form and sign and attach a completed "Unsworn Declaration" form. By signing in front of a notary, you *swear under oath* that the information provided is true and correct. By signing and attaching an "Unsworn Declaration" form, you *declare under penalty of perjury* that the information provided is true and correct.

**You can be prosecuted if you lie on this form.**
The court may or may not approve this request to not pay court fees. The court may order you to answer questions about your finances at a hearing. At that hearing you will have to present evidence to the judge of your income and expenses to prove that you have no ability to pay court fees.

① **The person who signed this affidavit appeared, in person, before me, the undersigned notary, and stated under oath:**

"My name is **Linda Baldwin** My phone number is (**512** ) **810-3126**

"My mailing address is **8312 Gotham Circle**

"I am above the age of eighteen (18) years, and I am fully competent to make this affidavit. I am unable to pay court costs. The nature and amount of my income, resources, debts, and expenses are described in this form.

*Check ALL boxes that apply and fill in the blanks describing the amounts and sources of your income.*

② ☑ **I receive these public benefits/government entitlements that are based on indigency:**
☑ SSI ☐ WIC ☐ Food Stamps/SNAP ☐ TANF ☐ Medicaid ☐ CHIP ☐ AABD
☐ Needs-based VA Pension ☐ County Assistance, County Health Care, or General Assistance (GA)
☐ LIS in Medicare ("Extra Help") ☐ Community Care via DADS ☐ Low-Income Energy Assistance
☐ Emergency Assistance ☐ Child Care Assistance under Child Care and Development Block Grant
☐ Public Housing ☐ Other: *(Describe)* _____

! *If you receive any of the above public benefits, attach proof and label it "Exhibit: Proof of Public Benefits"*

③ "My **income sources** are stated below. *(Check all that apply)*
☐ Unemployed since: _____
*(date)* -or-
☐ Wages: I work as a _____ for _____
*Your job title* *Your employer*

☐ Child/spousal support ☐ My spouse's income or income from another member of my household *(if available)*
☐ Tips, bonuses ☐ Military Housing ☐ Worker's Comp ☑ Disability ☐ Unemployment ☑ Social Security
☑ Retirement/Pension ☐ Dividends, interest, royalties ☐ 2nd job or other income: **1.00.00**
*(describe)*

④ "My **income amounts** are stated below.
(a) My monthly net income *after taxes* are taken out is:     Total income *after taxes* → $ **1069.35**
(b) The amount I receive each month in public benefits is:     Total amount received → + $ _____
(c) The amount of income from other people in my household is:*     Total amount received → + $ _____
(d) The amount I receive each month from other sources is:     Total amount received → + $ **333.00**
(e) My TOTAL monthly income is     Add all sources of income above → = $ **3552.35**
    *List this income only if other members contribute to your household income.*

Approved by Louie 4/13/13

⑤ About my **dependents**: "The people who depend on me financially are listed below:

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | _scelec peec raceeiter_ | _78_ | _mk /4ne_ |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

⑥ "My **property** includes:                    Value*

| | |
|---|---|
| Cash | $ _1. 00_ |
| Bank accounts, other financial assets *(List)* | |
| _University Credit Union_ | $ _1.0_ |
| | $ |
| | $ |
| Vehicles (cars, boats) *(List make and year)* | |
| _2004 Ford Exp_ | $ _297.00_ |
| | $ |
| | $ |
| Real estate (house or land) *(Do not list the house you live in.)* | |
| | $ |
| | $ |
| Other property (like jewelry, stocks, etc.) *(Describe)* | |
| | $ |
| | $ |

Total value of property → | **= $** |

*The value is the amount the item would sell for less the amount you still owe on it (if anything).

⑦ "My monthly **expenses** are:                    Amount

| | |
|---|---|
| Rent/house payments/maintenance | $ _787. 00_ |
| Food and household supplies | $ _425. 00_ |
| Utilities and telephone | $ _400 00_ |
| Clothing and laundry | $ _150. 00_ |
| Medical and dental expenses | $ _35. 00_ |
| Insurance (life, health, auto, etc) | $ _242. 00_ |
| School and child care | $ _0_ |
| Vehicle payments | $ _244. 00_ |
| Gas, bus fare, auto repair | $ _180. 00_ |
| Child / spousal support | $ _0_ |
| Wages withheld by court order | $ _0_ |
| Debt payments | $ |
| Other expenses *(Describe)* | $ |
| _Student loan_ | $ _300.00_ |
| _Personal Loan_ | $ _40.00_ |

Total monthly Expenses → | **= $ _2855_** |

⑧ "My **debts** include: *List debt and amount owed.* _UHC; Personal Loan,_

To list any other facts you want the court to know, such as unusual medical expenses, family emergencies, etc., attach another page to this form and label it "Exhibit: Additional Supporting Facts." Check here if you attach another page.☐

⑨ "I am unable to pay court costs. I verify that the statements made in this affidavit are true and correct."

⑩ **Your Signature.** You must either: 1) sign this form in front of a notary public or
2) sign this form and sign and attach a completed "Unsworn Declaration" form.

► _Scedee Brown_       _April 18, 2013_
Your Signature                                                                Date

State of Texas
County of _Travis_
Print the name of county where this Affidavit is notarized.

Sworn to and subscribed before me today _4/18/13_ by _Linda Baldwin_

► _(Notary's Signature)_       Print name of person who is signing this Affidavit.
Notary's Signature                NOT the notary's name.

© TexasLawHelp.org - Affidavit of Indigency, November 2012



# C I T A T I O N
## T H E   S T A T E   O F   T E X A S
### CAUSE NO. D-1-GN-13-001281

LINDA BALDWIN

, Plaintiff

vs.

ZURICH AMERICAN INSURANCE CO.

, Defendant

TO:   ZURICH AMERICAN INSURANCE CO
      BY SERVING ITS REGISTERED AGENT
      211 EAST 7TH STREET, SUITE 620
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PETITION TO JUDGE of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 18, 2013 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 25, 2013.

REQUESTED BY:
LINDA BALDWIN
8312 FATHOM CIRCLE #901
AUSTIN, TEXAS 78750

512·80·3136

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: BROOKE DANIEL

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

RECEIVED
2013 APR 25 AM 9: 03

D-1-GN-13-001281
☐ Original        ☐ Service Copy          CONSTABLE          P01 - 000013023

17

FILED 05/10/2013 03:36 PM Travis County District Clerk, Amalia Rodriguez-Mendoza

# Tab 6

Notice sent: Final Interlocutory None

Disp Parties:_____

Disp code: CVD / CLS

Redact pgs:_____

Judge RGH Clerk BWH

CAUSE NO. D-1-GN-13-001281

| | | |
|---|---|---|
| LINDA BALDWIN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Filed in The District Court |
| vs. | § | TRAVIS COUNTY, TEXAS Travis County, Texas |
| | § | |
| ZURICH AMERICAN INSURANCE | § | JUL 17 2013 DS |
| COMPANY, | § | 2:32 P M. |
| | § | At_____ |
| | § | Amalia Rodriguez-Mendoza, Clerk |
| Defendant. | § | 261st JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF RES JUDICATA

CAME ON for consideration Defendants Zurich American Insurance Company's Motion for Partial Summary Judgment on the Affirmative Defense of Res Judicata. The Court having considered such matters; evidence presented; the documents, pleadings, and motions on file with the Court in *Linda Baldwin v. Zurich American Insurance Company,* Cause No. D-1-GN-12-003139 in the District Court of Travis County, Texas, 353rd Judicial District; and Plaintiff's response, evidence, and arguments in opposition, if any, enters the following order:

It is ORDERED, ADJUDGED AND DECREED that Defendant Zurich American Insurance Company's Motion for Partial Summary Judgment on the Affirmative Defense of Res Judicata should be, and hereby is, GRANTED as to all claims, except for the appeal of Ms. Baldwin's worker's compensation claims from the Texas Department of Insurance, Division of Workers Compensation, which remains unaffected by this Order.

SIGNED this __17__ day of __July__ 2013.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Linda Baldwin
8312 Fathom Circle, #901
Austin, Texas 78750
*Pro Se Plaintiff*


APPROVED:

Blair Dancy
State Bar No.: 24001235
VAN OSSELAER & BUCHANAN LLP
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
Telephone:    512.225.2800
Facsimile:    512.225.2801
Email:        bdancy@vbllp.com

*Attorney for Defendant Zurich American Insurance Company*

# Tab 7

CAUSE NO. D-1-GN-13-001281

| | | |
|---|---|---|
| LINDA BALDWIN, | § | IN THE DISTRICT COURT OF |
|   Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ZURICH AMERICAN INSURANCE CO, | § | |
|   Defendant. | § | 53rd JUDICIAL DISTRICT |

## ORDER OF DISMISSAL

On the 6th day of March, 2014, the Court considered Defendant's Plea to the Jurisdiction and Plaintiff's Motion to Compel in the above-referenced cause.

After considering the plea, Plaintiff's objections and response, the pleadings on file, the arguments of counsel and the applicable law, the Court will find that the plea should be granted and the matter dismissed for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction, the Court may take no further action on the Plaintiff's motion to compel.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that this case is dismissed for lack of subject matter jurisdiction. All taxable court costs are assessed against the party who incurred them.

**SIGNED** this 21st day of March, 2014.

NOTICE SENT: FINAL INTERLOCUTORY NONE
DISP PARTIES: _____All_____
DISP CODE: CVD / CLS _4615_
REDACT PGS: _____
JUDGE GDT CLERK RT

_Gisela D. Triana_
Gisela D. Triana
PRESIDING JUDGE
200th District Court

Filed in The District Court
of Travis County, Texas
MAR 21 2014
At _____
M.
Amalia Rodriguez-Mendoza, Clerk



# 200TH DISTRICT COURT

**GISELA D. TRIANA**
Judge

JAMES T. PARSONS
Staff Attorney
(512) 854-4916

JACOB STOKES
Court Operations Officer
(512) 854-9306

TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767

LaDELLE ABILEZ
Official Court Reporter
(512) 854-9325

LYDIA MARTINEZ
Court Clerk
(512) 854-5838

March 21, 2014

Ms. Linda Baldwin
Self-Represented Plaintiff
8312 Fathom Circle, # 901
Austin, Texas 78750
Via regular mail

Ms. L. Lynette Phillips
FLAHIVE, OGDEN & LATSON
P.O. Drawer 201329
Austin, Texas 78720
Via fax to (512) 241-3300

RE:  Cause No. D-1-GN-13-001281; In the 53rd Judicial District Court of Travis Co., Tx.
*Linda Baldwin v. Zurich American Insurance Co.*

Dear Counsel,

On March 6, 2014, the Court considered and took under advisement Defendant's Plea to the Jurisdiction and Plaintiff's Motion to Compel in the above-referenced cause. The Court must first consider whether it has jurisdiction in this matter before it may consider Plaintiff's motion to compel. After considering the plea, Plaintiff's objections and response, the pleadings on file, the arguments of counsel and the applicable law, the Court will find that the plea should be granted and the matter dismissed for lack of subject matter jurisdiction.

Enclosed please find the Order of Dismissal that was signed and filed today. Thank you.

Sincerely,

*Gisela D. Triana*

Gisela D. Triana
Judge, 200th District Court
Travis County, Texas

Filed in The District Court
of Travis County, Texas
MAR 21 2014
At _____
Amalia Rodriguez-Mendoza, Clerk

788

# Tab 8



c

**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
   Labor Code (Refs & Annos)
      Title 5. Workers' Compensation
         Subtitle A. Texas Workers' Compensation Act
            Chapter 410. Adjudication of Disputes (Refs & Annos)
               Subchapter F. Judicial Review--General Provisions
                  → → § 410.252. Time for Filing Petition; Venue

(a) A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:

   (1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or

   (2) in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

(c) If a suit under this section is filed in a county other than the county described by Subsection (b), the court, on determining that it does not have jurisdiction to render judgment on the merits of the suit, shall transfer the case to a proper court in a county described by Subsection (b). Notice of the transfer of a suit shall be given to the parties. A suit transferred under this subsection shall be considered for all purposes the same as if originally filed in the court to which it is transferred.

(d) If a suit is initially filed within the 45-day period in Subsection (a), and is transferred under Subsection (c), the suit is considered to be timely filed in the court to which it is transferred.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2003, 78th Leg., ch. 663, § 1, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 1200, § 1, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 1066 (S.B. 809), § 1, eff. Sept. 1, 2011.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

HISTORICAL AND STATUTORY NOTES

2006 Main Volume

Acts 2003, 78th Leg., ch. 663 added subsecs. (c) and (d).

Section 2 of Acts 2003, 78th Leg., ch. 663 provides:

"Section 410.252, Labor Code, as amended by this Act, applies only to a cause of action that accrues on or after the effective date [Sept. 1, 2003] of this Act. A cause of action that accrues before that date is governed by the law as it existed immediately before the effective date of this Act, and that law is continued in effect for that purpose."

2014 Electronic Pocket Part Update

2009 Legislation

Acts 2009, 81st Leg., ch. 1200 in subsec. (a), substituted "45th" for "40th", substituted "the division mailed the party the decision of the appeals panel" for "the decision of the appeals panel was filed with the division", and added the second sentence.

Section 2 of Acts 2009, 81st Leg., ch. 1200 provides:

"Sec. 2. The change in law made by this Act applies only to a judicial review proceeding initiated under Subchapter F or G, Chapter 410, Labor Code, on or after the effective date [Sept. 1, 2009] of this Act. A proceeding initiated before that date is governed by the law in effect on the date the proceeding was initiated, and the former law is continued in effect for that purpose."

2011 Legislation

Acts 2011, 82nd Leg., ch. 1066 (S.B. 809) in subsec. (d), substituted "45-day" for "40-day".

Section 6 of Acts 2011, 82nd Leg., ch. 1066 (S.B. 809) provides:

"The change in law made by this Act applies only to a suit for judicial review filed on or after the effective date of this Act. A suit for judicial review filed before the effective date of this Act is covered by the law as it existed on the date the suit was filed, and the former law is continued in effect for that purpose."

2006 Main Volume

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.